UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| MITSUBISHI HEAVY INDUSTRIES, LTD. and MITSUBISHI POWER SYSTEMS AMERICAS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | Civil Action No. 10-5087 |

**MITSUBISHI'S QUARTERLY STATUS REPORT**

Pursuant to the Court's Order dated August 23, 2010, plaintiffs Mitsubishi Heavy Industries, Ltd and Mitsubishi Power Systems Americas, Inc. (collectively, "Mitsubishi"), hereby submit their fourth quarterly status report. As explained below, the related patent infringement litigation in Texas and the Federal Circuit remain pending.

**RECENT DEVELOPMENTS**

### A.     Dallas Action

Both parties recently moved to amend the scheduling order in the Dallas action.[1]  General Electric Company ("GE") has moved to extend the expert discovery deadline.  Mitsubishi has moved to extend fact discovery by 75 days and to adjust the dates for pre-trial motions and trial accordingly.  While Mitsubishi would prefer a speedy resolution of the Dallas action in order to protect its economic interests, Mitsubishi was compelled to seek this brief delay due to delays arising in discovery.

For example, Mitsubishi served requests for document production in June, September and October of last year, but GE opted to produce over 2.6 million pages of documents within a matter of a few weeks before the current July 15 cut-off date.  Often, GE waited until mere days before a deposition before producing hundreds of thousands of pages relevant to a witness.

The completion of discovery has also been delayed by GE's claims of privilege.  GE has withheld nearly six thousand documents on the basis of an asserted "attorney-client privilege."  About half of the withheld documents concern communications that an attorney did not author or receive.  GE's privilege log also contains hundreds of entries that are simply blank, in clear violation of Rule 26 of the Federal Rules of Civil Procedure.  Mitsubishi has moved to compel the production of non-privileged documents.  In addition, GE has recently refused to

---

[1] *General Electric Co. v. Mitsubishi Heavy Industries, Ltd.*, Civil Action No. 3:10-cv-00276 (N.D. Tex.).

produce several categories of Enron Wind documents, forcing Mitsubishi to file a second motion to compel. These controversies, arising at the close of the discovery period, have also delayed its conclusion.

The Dallas court has agreed to hear the referenced motions to compel and to amend the scheduling order on an expedited basis but has not ruled on their merits.

### B.    ITC Action

On February 10, 2011, the Federal Circuit heard oral argument on GE's appeal from the International Trade Commission's ("ITC's") decision to terminate the investigation against Mitsubishi in *Variable Speed Wind Turbines and Components Thereof*, Inv. No. 337-TA-641, 73 Fed. Reg. 16,910 (Int'l Trade Comm'n). As of this date, the Federal Circuit has not issued its decision.

### C.    Corpus Christi Action

GE's third infringement suit – filed in Corpus Christi – remains stayed pursuant to 28 U.S.C § 1659 pending the Federal Circuit ruling.[2] GE has sought in various ways to force Mitsubishi to give up its statutory right to a stay under Section 1659.[3] The statutory stay prevents a respondent in the ITC proceeding from being pursued on the same patents in federal court while the ITC matter is still under consideration. Once the ITC matter is final, the ITC record is transmitted to the civil docket and is admissible as evidence there. 28 U.S.C

---

[2] *General Electric Co. v. Mitsubishi Heavy Industries, Ltd.*, Civil Action No. 2:09-cv-00229 (S.D. Tex.).

[3] *See, e.g.,* GE's Third Status Report filed with this Court on April 1, 2011. Dkt. 42, at page 2 (stating that Mitsubishi rejected GE's offer to lift the stay in Corpus Christi).

§ 1659. This statutory scheme would not be served by GE's proposal to prematurely lift the stay.

### D. California Action

As Mitsubishi has explained in prior status reports, GE plucked an important issue relating to the '985 patent from the stayed Corpus Christi action and sought to litigate it in California against the individual inventor, without joining Mitsubishi. However, Mitsubishi intervened as a matter of right and filed counterclaims to protect its interests as a licensee of the named inventor. The trial is currently scheduled for June 19, 2012.

### CONCLUSION

Mitsubishi will continue to keep the Court apprised of developments in accordance with the August 23 Order.

Respectfully submitted,

　　/s/   David R. Matthews  
David R. Matthews (76072)  
C. Eric Vester (2005231)  
Matthews, Campbell, Rhoads, McClure,  
　　Thompson & Fryauf, P.A.  
119 South Second Street  
Rogers, Arkansas  72756  
(479) 636-0875  
(479) 636-8150 – Fax  
drm@mcrmt.com  
cev@mcrmt.com

        Filberto Agusti
        Steven J. Barber
        Steptoe & Johnson LLP
        1330 Connecticut Avenue, NW
        Washington, DC  20036
        (202) 429-3000
        (202) 429-3902 – Fax
        fagusti@steptoe.com
        sbarber@steptoe.com

        Attorneys for Plaintiffs Mitsubishi Heavy
        Industries, Ltd. and Mitsubishi Power
        Systems Americas, Inc.

Dated:  July 1, 2011

## CERTIFICATE OF SERVICE

    I, David R. Matthews, attorney for the Plaintiffs, hereby certify that I have on this 1st day of July, 2011, electronically filed the foregoing instrument with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all registered attorneys of record, including:

Clifford W. Plunkett
plunkett@fridayfirm.com

David J. Lender
david.lender@weil.com

Eric. S. Hochstadt
eric.hochstadt@weil.com

John E. Scribner
john.scribner@weil.com

Roger Christopher Lawson
lawson@fridayfirm.com


    /s/   David R. Matthews
David R. Matthews